UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:18CV-00010-JHM

DANIELLE GERRY, for herself and others
Similarly situated                                                                                      PLAINTIFF

V.

CHENG "BENNY" LIN, TAOQING "AMY"
WANG, YAMATO STEAKHOUSE OF
JAPAN CORP., and YAMATO STEAK HOUSE INC.                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Danielle Gerry, for partial final summary judgment against Defendant, Yamato Steakhouse of Japan Corp., [DN 28] and a motion by Defendant, Yamato Steakhouse of Japan Corp., for extension of time up to and including January 8, 2019 in which to file its sur-reply [DN 49]. Fully briefed, these matters are ripe for decision.

I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical

doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

This action arises out of alleged violations of wage-and-hour-laws under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by Defendants. Plaintiff, Danielle Gerry ("Gerry"), claims in part that Defendants utilized the tip credit exemption under FLSA § 203(m) without providing the information required by this section and underpaid Gerry for all non-overtime hours.

Gerry worked as a server in Yamato Steakhouse's restaurant in Madisonville, Kentucky from April 29, 2016 until December 20, 2017. The restaurant is owned by Defendant, Cheng Lin. At the start of Gerry's employment, Defendant, Taoqing Wang, the manager of the restaurant, verbally explained to Gerry that she would receive $2.50 per hour plus tips. Wang testified that she told each employee if they had questions they could speak to the restaurant's accountant. Lin testified that Wang told the employees they could contact the accountant with questions and that Lin personally gave all employees the accounting firm's phone number. In addition to the conversation between Gerry and Wang regarding Plaintiff's pay, Defendants contend that the restaurant also maintained a sign in the office explaining the tip credit exception to the federal

minimum wage. The sign specifically provided in relevant part:

> **TIP CREDIT** Employers of "tipped employees" who meet certain conditions may claim a partial wage credit based on tips received by their employees. Employers must pay tipped employees a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation. If an employee's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference.

(DN 35-3, DN 48-2.)

Gerry filed this cause of action on January 26, 2018, asserting claims for recovery of minimum wage under the FLSA, recovery of overtime wage under the FLSA, unjust enrichment, conversion, breach of contract, nonpayment of wages under KRS § 337.020, violations of the Internal Revenue Code, and retaliatory termination in violation of the FLSA. (DN 1.) Gerry filed this current motion for final partial summary judgment against Defendant, Yamato Steakhouse of Japan Corp. ("Yamato"), requesting the Court to find that Yamato did not provide Gerry with the proper notice required by 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 of the FLSA, and therefore was not entitled to claim a tip credit or pay Gerry less than the minimum wage of $7.25 per hour. Gerry represents that she worked 2,315.2 hours at a rate of $2.50 per hour and seeks entry of a judgment for the remainder owed in the amount of $10,997.20 in favor of Gerry against Yamato. Gerry seeks to make the judgment final pursuant to Fed. R. Civ. P. 54(b) due to alleged solvency issues with Yamato in Madisonville.

### III. DISCUSSION

#### A. Tip-Credit Exception

The FLSA generally sets forth the provisions for a minimum wage. Kilgore v. Outback Steakhouse of Fla., 160 F.3d 294, 297 (6th Cir. 1998) (citing 29 U.S.C. § 206)). "Section 203(m) of FLSA allows employers to pay less than the minimum wage to those employees who receive

tips through the tip credit mechanism, which allows employers to include an employee's tips in calculating the employee's wage." Hardesty v. Litton's Mkt. & Rest., Inc., 2013 WL 1343920, *4 (E.D. Tenn. Apr. 2, 2013). The FLSA imposes conditions for those employers who wish to use a tip credit, stating in relevant part: "The preceding [two] sentences [establishing the tip credit] shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

Interpreting the tip credit exception, the Sixth Circuit has held that "[s]ection 203(m) allows for employers to take a tip credit toward the minimum wage owed an employee only if the employee 'has been informed by the employer of the provisions of this subsection.'" Kilgore v. Outback Steakhouses of Florida, Inc., 160 F.3d 294, 298 (6th Cir. 1998) (quoting 29 U.S.C. § 203(m)). "In analyzing this requirement in Kilgore, the Sixth Circuit found that it involved two inquiries: 'what information must the employer pass along to the employee and how may the employer convey that information.'" Sierra v. Casa Fiesta LLC, 2014 WL 12586059, *4 (E.D. Mich. June 13, 2014)(quoting Kilgore, 160 F.3d at 298). Regarding the first question, "the Sixth Circuit determined that 'an employer must inform the employee that it intends to treat tips as satisfying part of the employer's minimum wage obligation.'" Id. "'In other words, an employer must inform its employees of its intent to take a tip credit toward the employer's minimum wage obligation.'" Id. "'If an employer fails to provide such notice, the tip credit may not be claimed, regardless of whether employees suffered actual economic harm as a result.'" Sierra, 2014 WL 12586059, *4 (quoting Solis v. Min Fang Yang, 345 Fed. Appx. 35, 38 (6th Cir. 2009)).

4

"Regarding how the employer may deliver that information to the employee, 'an employer must provide notice to the employees, but need not necessarily 'explain' the tip credit.'" Sierra, 2014 WL 12586059, *4 (quoting Kilgore, 160 F.3d at 298). "Notably, 'inform' requires less from an employer than the word 'explain' would." Id. Although written notice is frequently provided, it is not required to satisfy the employer's notice burden. See, e.g., Pellon v. Business Representation Intern., Inc., 528 F. Supp. 2d 1306, 1310–11 (S.D. Fla. 2007) (section 3(m)'s requirement was met through verbal notice that plaintiff would be paid $2.13 plus tips, combined with prominent display of FLSA poster explaining tip credit).

In 2011, the Department of Labor issued a new regulation regarding the FLSA's tip credit provision providing in part:

> Pursuant to section 3(m) [29 U.S.C. § 203(m)], an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b). Some courts have interpreted the 2011 regulations as consistent with the holding of Kilgore essentially requiring employers to inform an employee that it intends to treat tips as satisfying its minimum wage obligations by providing notice in order to utilize the tip credit provision of 29 U.S.C. § 203(m). See, e.g., Ring v. Sokolove, 2014 WL 1117859, *2 (D. Mass. March 18, 2014); Guillory v. PF & B Management, LP, 2013 WL 1181439, *3 (S.D. Texas Feb. 27, 2013). Other courts have interpreted the regulations to require employers to provide additional

information than required by pre-regulation case law. See, e.g., Schaefer v. Walker Bros. Enterprises, Inc., 829 F.3d 551, 556 (7th Cir. 2016) (distinguishing the notice required before the May 2011 regulations and after).

In the present case, Gerry argues that she is entitled to summary judgment on her tip credit claim against Yamato because Yamato did not inform her of its intent to take a tip credit and the tip credit amount. Plaintiff alleges that she was only informed that she would be paid $2.50 per hour plus tips which is not sufficient to satisfy the notice requirements of § 203(m). In response, Yamato argues that it gave adequate notice of the tip credit with both verbal notice and the prominent display of a Department of Labor poster. In its response and sur-reply, Yamato also requests additional time to conduct more discovery pursuant to Fed. R. Civ. P. 56(d) noting that it has not had the opportunity to depose Gerry or other fact witnesses since the discovery deadline has not expired.

After a review of the record, the Court finds that a genuine dispute of material fact exists as to the notice Gerry received, as well as the adequacy of the notice. Yamato maintains that in addition to the verbal notice regarding Plaintiff's pay, the restaurant also maintained a sign in the office explaining the tip credit exception to the federal minimum wage. Yamato correctly notes that although written notice is frequently provided, it is not required to satisfy the employer's notice burden. In fact, case law suggests that verbal notice combined with the prominent display of a Department of Labor poster satisfies the § 203(m) notice requirements. See Pellon v. Business Representation Intern., Inc., 528 F.Supp.2d 1306, 1310–11 (S.D.Fla.2007), appeal docketed, No. 08–10133 (11th Cir. Jan. 8, 2008) (section 203(m)'s requirement was met through verbal notice that plaintiff would be paid $2.13 plus tips, combined with prominent display of FLSA poster explaining tip credit). In her reply, Gerry avers that the poster depicted was not hanging at *any*

6

location in the restaurant during the time Gerry worked at Yamato. (Gerry Aff. at ¶ 7.). Interestingly, Gerry disputes the location and presence of the poster creating a genuine dispute of fact but does not argue that the DOL poster along with the verbal information she received is inadequate to satisfy Yamato's notice requirement. In addition to evidence regarding the DOL poster, Yamato also presents the affidavit of Bethany Hurt, a co-worker of Gerry, testifying that she was advised that she would receive tips as a portion of the required minimum wages during her employment, that Gerry had knowledge that tips were counted towards the minimum wage requirements at Yamato, that Gerry informed Hurt of this information, and that there was a Federal Minimum Wage sign hanging in the office of Yamato. (Katherine Capito Aff. at DN 48-1; Bethany Hurt Aff. at DN 52-3.) For these reasons, the Court denies Plaintiff's motion for partial summary judgment at this time.

**B. Application of the FLSA**

In response to the motion for summary judgment, Yamato also argues that the FLSA does not apply to it. In order to succeed under the FLSA, Gerry must show that her claim is covered under the FLSA's minimum wage and overtime provisions. 29 U.S.C. §§ 206-207. "These provisions . . . apply to every employee 'who in any workweek is engaged in commerce or in the production of goods for commerce' or 'is employed in an enterprise engaged in commerce or in the production of goods for commerce.'" Davis v. Patel, 2015 WL 1137571, *2 (M.D. Tenn. Mar. 12, 2015), report and recommendation adopted in part, rejected in part, 2015 WL 3369637 (M.D. Tenn. May 22, 2015) (quoting 29 U.S.C. §§ 206(a), 207(a)). Yamato maintains that Gerry has failed to show either that Yamato is a covered enterprise under the FLSA (enterprise coverage test) or that Gerry is a covered employee under the FLSA (individual coverage test).

In reply, Gerry maintains that she did not set out to establish the applicability of the FLSA to Yamato in her initial motion for summary judgment; but if necessary, Gerry represents that she was "engaged in commerce" because she handled numerous credit card transactions satisfying the individual coverage test. See 29 U.S.C. §§ 206(a), 207(a); Davis, 2015 WL 1137571, at *2 (M.D. Tenn. Mar. 12, 2015). Gerry did not tender the credit card transactions, nor offer any evidence regarding the particular banks or financial institutions involved. Further, Gerry did not present the Court with additional case law beyond Davis to support her position. See Hutchinson v. Honeymoon Corporation, 2017 WL 6502529, *5 (N.D. Ohio Dec. 19, 2017)(discussion of scope of credit-card processing as a regular use of an instrumentality of interstate commerce under the FLSA). In the present case, a threshold question for Plaintiff's FLSA claims is whether the FLSA applies to Yamato and Gerry. It is Plaintiff's burden to show that Yamato is a covered enterprise or that Gerry is a covered employee. After discovery, the Court will address this issue upon a properly supported motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Plaintiff, Danielle Gerry, for partial final summary judgment against Defendant, Yamato Steakhouse of Japan Corp., [DN 28] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion by Defendant, Yamato Steakhouse of Japan Corp., for extension of time up to and including January 8, 2019 in which to file its sur-reply [DN 49] is **GRANTED**. The Court considered the sur-reply filed at DN 52 in deciding the current motion for partial summary judgment.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: counsel of record

January 14, 2019