UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00010-JHM

DANIELLE GERRY, for herself and others similarly situated                    PLAINTIFF

V.

CHENG "BENNY" LIN, et al.                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the issue of damages due Plaintiff Danielle Gerry. In a previous order the Court granted judgment against Defendants Cheng "Benny" Lin and Yamato Steakhouse of Japan Corp. but it did not determine the issue of damages. [DN 103 at 1]. A damages hearing was held on November 30, 2020. The Plaintiff and counsel appeared by teleconference. Although notice was provided to the Defendants, they did not appear at the hearing nor did they contact the Court wishing to participate telephonically.

Gerry requests an award of (A) $50,000 in compensatory damages for mental and emotional distress, (B) $6,080 in compensatory damages for lost wages, (C) $48,363.35 in attorney's fees, and (D) $8.10 in litigation expenses. [DN 101-4]. The record supports the amount Gerry requests for attorney's fees and litigation expenses. Regarding lost wages, Gerry calculates her damages by considering Defendants should have employed her from December 20, 2017 (when she was terminated) until May 1, 2018 (when she obtained new employment). [DN 101-2 ¶¶ 30–32]. The $6,080 amount assumes Gerry would have worked 40 hours per week at $8.00 per hour. [*Id.* at ¶ 32]. However, at the hearing Gerry testified that she found part-time employment in March 2018. She did not provide the Court with the exact date she started her new employment, nor did she provide any evidence of her earnings from that part-time employment. Therefore, the Court will reduce her claim

for lost wages for the period of time from December 20, 2017 (when she was terminated) until March 15, 2018 and award compensatory damages for lost wages in the amount of $4,160.

Next, the Court finds Gerry's request for an award of $50,000 in compensatory damages for mental and emotional distress to be excessive. While emotional distress is difficult to quantify, the evidence simply does not support a $50,000 award for mental and emotional distress. The Court does not doubt that Gerry experienced emotional distress as described in her affidavit and at the hearing, however, the period of her suffering was not of long duration, nor was it severe. Gerry testified that she was terminated in December 2017 and got a new job in March 2018. She did not allege that she continued to suffer from any emotional distress after she began her new job. She did not seek any medical attention during this period of time to alleviate her distress. There is also no evidence that Gerry experienced any physical symptoms related to her distress. Based on her testimony at the hearing, after her termination, she was fully capable of functioning at home undertaking routine tasks of housework.

It is worth noting that Gerry settled the same emotional distress damages claim with Taoquing "Amy" Wang and Yamato Steak House, Inc for significantly less money. [DN 81-1 at 3]. While the Court recognizes that a settlement agreement is a negotiated amount between the parties, it stands in stark contrast to her emotional distress damages request here.

Finally, Gerry relies on a few cases to argue that $50,000 is appropriate: *Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004), *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999), *Travers v. Flight Servs. & Sys., Inc.*, 808 F.3d 525 (1st Cir. 2015), and *Soto v. Adams Elevator Equip. Co.*, 941 F.2d 543 (7th Cir. 1991). They are not persuasive here considering the evidence before the Court as previously described. Considering the evidence in this case, the Court finds that $20,000 is an appropriate amount to reward Plaintiff as compensatory damages for her emotional distress.

The Court will issue a separate final judgment.

*[signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

December 2, 2020

cc: counsel of record
   Cheng Lin, *pro se*

   Cheng Lin
   Yamato Steakhouse of Japan Corp.
   822 Barnett St.
   Vincennes, Indiana 47591

   and

   Cheng Lin
   2423 N. 6th Street
   Vincennes, Indiana 47591.